RECEIVED
IN MONROE, LA
AUG 2 2 2006
AC
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **ALBERTOS CONNER, JR.** | **CIVIL ACTION NO. 05-685-P** |
| **VERSUS** | **JUDGE STAGG** |
| **CADDO PARISH SHERIFF'S OFFICE, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Albertos Conner, Jr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on April 19, 2005. Plaintiff, who is no longer incarcerated, was incarcerated in the Natchitoches Detention Center in Natchitoches, Louisiana, when he filed this complaint. He challenges his state court conviction, sentence and parole revocation and he alleges his civil rights were violated by prison officials while incarcerated at the Concordia Parish Correctional Center and the Caddo Correctional Center. He names the Caddo Parish Sheriff's Office, the Concordia Parish Sheriff's Office, the Louisiana Parole Board, the Louisiana Department of Corrections and the State of Louisiana as defendants.

First, Plaintiff challenges his conviction and sentence for possession of stolen goods. He claims he was arrested without probable cause or a warrant on October 4, 1999. He claims that once he was booked into the Caddo Correctional Center, he requested an attorney and was denied one. He further claims that after he was read his rights and again requested an

attorney, police officers continued to question him. He claims the police officers coerced and threatened him. He claims the evidence which was seized was tainted.

Plaintiff claims the Caddo Parish Sheriff's Office violated his rights because they failed to conduct an independent investigation. He further claims the Caddo Parish District Attorney's Office violated his rights because he did not receive a hearing within 48 hours of his arrest, he was not assigned an attorney for his bond hearing, the evidence against him was tainted, the Public Defender's Office had a conflict and limited funding, his case was assigned to a new judge and there was no probable cause for his arrest.

Second, Plaintiff claims his incarceration for a parole violation was illegal. He claims he was released pursuant to diminution of sentence for good behavior. He complains that the good-time release contract required that he be released as if on parole even though he had finished serving his sentence. He further complains that he signed the good-time release contract under duress. Plaintiff claims that his arrest was therefore not a parole violation and his subsequent incarceration violated his due process rights.

Plaintiff claims that on January 21, 2005, he waived a preliminary hearing and a parole board hearing. He claims he was then placed in the Concordia Parish Drug Treatment Facility. He complains that this facility did not have a security officer in the dorm. He claims he complained about the situation to Bob Lee of the Louisiana Probation and Parole Department. He claims Lee did not respond to his complaint. He also claims he filed a grievance in the administrative remedy procedure. He complains that the Warden did not respond to his grievance. Plaintiff further complains that the administrative remedy procedure is inadequate and denied him access to the courts and other civil rights.

Plaintiff claims that on March 25, 2005, two inmates were charged with violating the security of the dorm. He claims these two inmates attempted to change the television channel during the final minutes of a championship basketball game. He claims a fight occurred. Plaintiff claims that when he spoke to prison officials regarding the incident, he was assaulted. He claims the guards removed him from the dorm, repeatedly pushed him into the wall and shoved him down the hall. He complains he was placed in administrative segregation and charged with defiance. He complains he was held in segregation from March 26, 2005 until April 2, 2005 without a hearing. He claims the inmate counsel advised him to plead guilty. He claims he pleaded guilty to the charges in order to keep the peace. Plaintiff claims he filed a grievance in the administrative remedy procedure and received no response. He claims that on April 1, 2005, an inmate counsel told him that these prison officials were not subject to laws because they were involved in a pilot program.

Plaintiff claims black inmates are discriminated against while in segregation. He claims he was not allowed to attend school while in segregation, but white inmates were. He claims that on April 3, 2005, he was informed that his completion date was moved back because of the time he did not attend school and he would therefore be subjected to additional incarceration. He claims he filed a grievance in the administrative remedy procedure.

Plaintiff claims he was then transferred to Caddo Correctional Center because of a detainer. He claims he was transferred in order to deny him access to the courts and punish him for "not conforming to white supremacy." He complains the prison officials at Caddo Correctional Center took his Bible and legal work. He claims that upon the advice of prison officials, he wrote the property department regarding the return of his Bible and legal work.

He claims he received no response. Plaintiff claims that when he complained to Lt. Law, he was placed on lock-down segregation for five days without a disciplinary hearing and then transferred to the Natchitoches Parish Detention Center.

Plaintiff claims that in June 2005, he requested a transfer to a Department of Corrections facility and/or half-way house. He claims he received no response to his request.

Plaintiff claims the First Judicial District Court is denying him access to the courts. Specifically, he claims the Clerk of Court denied receipt of his petition for a writ of habeas corpus. He further claims his application for post-conviction relief has not been ruled on. Plaintiff also claims the Nineteenth Judicial District Court is denying him access to the courts.

Plaintiff claims he wrote a letter to the Louisiana Parole Board regarding a waiver and received no reply. He claims he filed three ARPs between July 20, 2005 and August 21, 2005, and Richard Stalder has failed to file a response. He claims he wrote letters to the Louisiana Attorney General and has not received a reply. Plaintiff claims the fact that his letters and ARPs received no replies demonstrates indifference to his civil rights and denies him access to the courts.

Accordingly, Plaintiff seeks a writ of seizure, appointment of counsel, a writ of habeas corpus, injunctive relief, a discharge, his release from incarceration and any other relief to which he is entitled.

For the reasons stated below, Plaintiff's claims for habeas relief should be dismissed without prejudice for failure to exhaust state court remedies, his claims regarding the conditions of his confinement should be dismissed without prejudice as moot and his claims against the state courts should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

### Habeas Claims

First, Plaintiff challenges his state court conviction and sentence for possession of stolen goods. In support of this claim for <u>habeas</u> relief, he alleges his arrest was illegal, he was questioned after requesting an attorney, he was coerced and threatened by the police officers, the evidence was illegally seized, the Caddo Parish Sheriff's Office failed to conduct an independent investigation, he did not have a hearing within 48 hours of his arrest, he was not represented by an attorney at his bond hearing, he received ineffective assistance of counsel and the trial court judge was unfamiliar with his case.

Second, Plaintiff challenges his current incarceration.[1] In support of this claim for <u>habeas</u> relief, he alleges that once he was released from incarceration pursuant to diminution of sentence for good behavior, his sentence was complete and he signed the good-time release contract under duress.

<u>Habeas corpus</u> relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue <u>habeas</u> relief in federal court is not unqualified. It is well settled that a petitioner seeking federal <u>habeas corpus</u> relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. <u>See Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198 (1982); <u>Minor v. Lucas</u>, 697 F.2d 697 (5th Cir. 1983).

---

[1] When Plaintiff filed this action, he was incarcerated. However, he is currently not incarcerated. The Court is not aware of the conditions of his release from incarceration. Thus, the Court will consider this claim.

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Although Plaintiff has provided this Court with numerous documents, he has failed to provide documentation to evidence that his claims were fully exhausted in the state courts. Specifically, Plaintiff has failed to provide documentation that his claims were raised in the Supreme Court of Louisiana. Thus, Plaintiff has failed to exhaust all available state court remedies prior to filing his habeas claims in this Court. Accordingly, it is recommended that Petitioner's habeas claims be dismissed without prejudice.

**Conditions of Confinement Claims**

First, Plaintiff complains about the conditions of his confinement at the Concordia Parish Drug Treatment Facility. Specifically, he complains that there was no security officer in the dorm. He also complains that the administrative remedy procedure was inadequate and denied him access to the courts. He complains that prison officials beat him. He complains that he was falsely charged with a disciplinary infraction and placed in administrative segregation without a hearing. He complains that black inmates were discriminated against while in administrative segregation.

Second, Plaintiff complains about the conditions of his confinement at the Caddo

Correctional Center. Specifically, he claims he was transferred as punishment for not conforming to white supremacy and to deny him access to the courts. He claims that prison officials deprived him of his Bible and legal work. He claims that when he complained to prison officials, they retaliated against him and placed him in lock-down segregation and transferred him to the Natchitoches Parish Detention Center.

Third, Plaintiff complains prison officials were indifferent to his civil rights and denied him access to the courts. He claims that his requests for a transfer to a Department of Corrections facility and/or half-way house received no response from prison officials. He claims that his request for a waiver received no response from the Louisiana Parole Board. He claims that the grievances he filed in the administrative remedy procedure received no response from Richard Stalder.

As to these claims, Plaintiff seeks only injunctive relief. He is no longer incarcerated. His release from incarceration has rendered his claims for injunctive relief moot. Herman v. Holiday, 238 F.3d 660, (5th Cir. 2001). Accordingly, Plaintiff's request for injunctive relief should be dismissed without prejudice as moot

**Claims Against the State Courts**

Plaintiff claims the First Judicial District Court is denying him access to the courts. He claims the court denies receipt of his petition for a writ of habeas corpus. He also claims the court has failed to rule on his application for post-conviction relief. Plaintiff also claims that the Nineteenth Judicial District Court is denying him access to the courts.

Plaintiff alleges claims against the state trial courts. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial

duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers, and (3) were centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982).

Plaintiff complains that the First Judicial District Court has not ruled on his application for post-conviction relief. The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties. Plaintiff claims the First Judicial District Court denied receipt of his petition for writ of habeas corpus. He fails to allege that the state trial court has done anything to prevent him from filing another petition for habeas relief. Plaintiff claims the Nineteenth Judicial District Court has denied him access to the courts. However, Plaintiff makes only a conclusory allegation regarding this claim. Accordingly, Plaintiff's civil rights claims against the First Judicial District Court and the Nineteenth Judicial District Court should be dismissed as frivolous.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's habeas claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. **IT IS FURTHER RECOMMENDED** that Plaintiff's claims regarding the conditions of his confinement be **DISMISSED WITHOUT PREJUDICE** as moot. **IT IS FURTHER RECOMMENDED** that Petitioner's claims against the state courts be **DISMISSED WITH PREJUDICE** as frivolous.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED, in chambers, in Monroe, Louisiana, this 21st day of August 2006.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE